J-A21011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID BOWENS | : | |
| | : | |
| Appellant | : | No. 3588 EDA 2019 |

Appeal from the PCRA Order Entered October 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005367-2010

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:              **FILED SEPTEMBER 29, 2020**

David Bowens appeals, *pro se*, from the order entered in the Court of Common Pleas of Philadelphia County, denying as untimely his petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

On January 17, 2012, Bowens entered a negotiated guilty plea to third-degree murder and related charges stemming from the shooting death of his girlfriend.  That same day, the trial court imposed the negotiated sentence of 27½ to 55 years' incarceration.  Bowens filed neither post-sentence motions nor a direct appeal.  This Court previously set forth the ensuing procedural history of this case as follows:

> [Bowens] took no further action until January 15, 2014, when he filed, *pro se*, a "Motion for Modification of Sentence *Nunc Pro Tunc*."  Therein, he set forth various reasons supporting his request for modification, including, *inter alia*, that his sentence constitutes double jeopardy, he did not receive a "fair

assessment" by the court, and his trial counsel was ineffective because counsel did not file a direct appeal, should "have requested a merger[]," and did not argue diminished capacity. *See* Motion for Modification of Sentence *Nunc Pro Tunc*, 1/15/2014, at 1-3 (unnecessary capitalization omitted). Based on the docket, it appears that this motion went unacknowledged and unaddressed by the court below.

On April 27, 2015, [Bowens] filed, *pro se*, a PCRA petition, in which he raised a myriad of claims, including, among other things, that his sentence was unconstitutional, he was "spoofed" by his trial counsel to plead guilty, his counsel—"under false pretenses"—failed to file an appeal, and his convictions should have merged for sentencing purposes. *See* PCRA Petition, 4/27/2015, at 3. Moreover, in that petition, [Bowens] pointed out that his January 15, 2014 motion for modification of sentence remained pending, and he requested that the court appoint a lawyer to represent him. *Id.* at 4, 7.

Nearly nine months later, on January 29, 2016, David S. Rudenstein, Esq[uire], entered his appearance on the docket. Over a year after that—on February 23, 2017—Attorney Rudenstein filed a **Turner**/**Finley**[1] no-merit letter and a motion to withdraw. Therein, Attorney Rudenstein examined the issues presented in [Bowens'] April 27, 2015 PCRA petition, concluded that none have arguable merit, and represented that he could not find any issue of arguable merit that could form the basis for PCRA relief after independently reviewing the record. *See* No-Merit Letter, 2/23/2017, at 5-8. In addition, Attorney Rudenstein stated in his no-merit letter:

> Counsel has inspected [Bowens'] other filing which was his [m]otion for [r]econsideration of [s]entence, filed *nunc pro tunc* on January 15, 2014. This counsel does not believe that the [m]otion should be deemed a PCRA filing. However, [] even if it was so considered . . ., [Bowens] did not file that until January 15, 2014, and hence, . . . it would still be out of time and there would be no exceptions.

*Id.* at 3-4. Attorney Rudenstein did not explain why [Bowens'] January 15, 2014 motion [] should not be construed as a PCRA petition, nor did he specifically list and examine the issues [Bowens] raised in it.

- 2 -

____[1]____ ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

On March 22, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss [Bowens'] PCRA petition without a hearing. It briefly stated the reason for dismissal as: "Your attorney has determined that the issues raised in your *pro se* [PCRA] petition are without merit. Counsel's letter pursuant to . . . [***Turner***/]***Finley*** . . . is attached." Pa.R.Crim.P. 907 Notice, 3/22/2017, at 1 (unnumbered pages).

On March 28, 2017, [Bowens] filed a motion requesting that he receive an extension of time to respond to the Rule 907 notice and Attorney Rudenstein's no-merit letter. He alleged that he had not yet received the no-merit letter nor his file, despite purportedly requesting them from Attorney Rudenstein for months. ***See*** [Bowens'] Letter, 3/28/207. He specifically asked the PCRA court for an extension of 30 days from his receipt of the no-merit letter to respond to the Rule 907 notice. ***See id.*** [The court granted this request, but no response from Bowens appears of record.]

Thereafter, on June 6, 2017, the PCRA court dismissed [Bowens'] PCRA petition. It did not provide the reasons for doing so in its order. Instead, it merely set forth, "AND NOW, this 6th day of June 2017, after consideration of the Motion to Dismiss PCRA by the Commonwealth[,] it is ORDERED that the Motion to Dismiss PCRA is GRANTED." PCRA Order, 6/6/2017, at 1 []. However, our review of the record does not show that the Commonwealth filed a motion to dismiss. The order, moreover, stated that the PCRA court served it on Attorney Rudenstein, among others, and that "907 Notice was sent." ***Id.*** Yet, the order—and the corresponding docket entry—did not demonstrate that the PCRA court served the order on [Bowens].

Over eight months later, on February 15, 2018, [Bowens] filed a *pro se* notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In his Rule 1925(b) statement, [Bowens] averred, *inter alia*, that:

> 4. [T]his appeal should not be denied. The fact is that [Bowens] never received a final order from the court. [Bowens] sent to the [c]ourt a communication requesting information regarding this matter. One docket sheet was provided by this [c]ourt [on] 11/6/17, in which [Bowens] then found out that his PCRA [petition] was denied.

5. A request was forwarded to [s]ecurity of this facility[,] [which] handles all legal mail[,] and [Bowens] found out that he never received legal mail in the month of June . . . 2018.

Pa.R.A.P. 1925(b) [Statement], 2/15/2018, at 1 (unnumbered, single page; unnecessary capitalization omitted).

On April 2, 2018, the PCRA court issued a Rule 1925(a) opinion . . . [in which it] explained that it lacked jurisdiction to address any claims [Bowens] raised in both his January 15, 2014 motion for modification and April 27, 2015 PCRA petition due to [Bowens'] failure to meet the PCRA's timeliness requirements. **See** [PCRA Court Opinion, 4/2/2018], at 4-5.

***Commonwealth v. Bowens***, 718 EDA 2018, at 1-6 (Pa. Super. filed March 15, 2019) (unpublished memorandum) (footnote omitted).

Upon reviewing the record, this Court concluded that a breakdown in the operations of the court caused Bowens to file his notice of appeal more than seven months late. ***See id.*** at 6. Accordingly, the Court declined to quash, and considered Bowens' appeal on its merits. After doing so, the Court expressed "several concerns about the way in which the PCRA proceedings unfolded below." ***Id.*** at 7. Specifically, the Court found that: (1) the PCRA court did not specify whether it denied both the January 15, 2014 motion for reconsideration of sentence (which was properly deemed a PCRA petition) and the April 27, 2015 PCRA petition; (2) Attorney Rudenstein's no-merit letter only addressed the issues raised in the April 27, 2015 PCRA petition, while incorrectly concluding that the January 15, 2014 motion for reconsideration "should not be deemed to be a PCRA filing;" (3) the PCRA court neglected to rule on Attorney Rudenstein's no-merit letter and motion to withdraw; and (4)

to the extent that the PCRA court believed it had granted Attorney Rudenstein's motion to withdraw, it did not properly notify Bowens of the dismissal of his PCRA petition. *See id.* at 7-9. Accordingly, the Court vacated the June 6, 2017 order dismissing Bowens' PCRA petition and remanded the case to the PCRA court "to address these unresolved issues." *Id.* at 9.

In response to this Court's memorandum, on March 19, 2019, the PCRA court issued an order appointing new counsel, Stephen T. O'Hanlon, Esquire, to represent Bowens. On July 18, 2019, Attorney O'Hanlon filed a *Turner*/*Finley* no-merit letter and motion to withdraw as counsel. In his no-merit letter, Attorney O'Hanlon reviewed the issues Bowens raised in his January 15, 2014 motion for reconsideration and concluded that the claims were time-barred, and even if not time-barred, the claims were meritless. Thereafter, on August 13, 2019, the PCRA court sent Bowens Rule 907 notice of its intent to deny post-conviction relief. Bowens filed no response and, on September 23, 2019, the court formally dismissed his petition. Subsequently, in an order dated October 16, 2019, the court rescinded its September 23, 2019 order, as it failed to notify Bowens of the grant of counsel's motion to withdraw. The order again dismissed Bowens' PCRA petition and granted counsel's motion to withdraw. Bowens filed a timely notice of appeal, followed by a Rule 1925(b) concise statement of errors complained of on appeal.

Bowens raises the following issues for our review:

1. Whether the [c]ourt erred by denying [Bowens'] PCRA petition without answering the questions raised in [*Commonwealth v. Bowens*, *supra*].

- 5 -

2. Whether the [c]ourt erred by denying [Bowens'] PCRA petition alleging counsel [was] ineffective by failing to protect his appeal rights, illegal sentence, along with other issues to be argue[d] in [Bowens'] brief.

Brief of Appellant, at 4 (unnecessary punctuation omitted).

Our standard of review is well-settled. In reviewing the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017).

Before reaching the issues that Bowens raises in his appellate brief, we must first determine whether the PCRA court correctly determined that Bowens' petition was untimely filed. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition

_____

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[2]

Here, Bowens' judgment of sentence became final on February 16, 2012, at the expiration of the 30-day period for seeking direct review in this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Bowens had until February 16, 2013 to file a timely PCRA petition. Bowens' instant petitions, filed on January 15, 2014 and April 27, 2015, were filed 2-3 years after his judgment of sentence became final. Accordingly, the petitions are patently untimely, unless Bowens has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

In neither of his PCRA petitions did Bowens plead nor prove any exception to the PCRA's time bar, much less acknowledge the necessity to do so. He similarly ignored the time bar in his appellate brief. The claims Bowens

---

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. **Id.** at § 3. In this case, all of Bowens' PCRA claims arose prior to the operative date of the amendment, so the 60-day period applies.

raised in his PCRA petitions all involved issues of either the ineffectiveness of counsel or the legality of his sentence. Neither of these claims overcomes the jurisdictional time bar. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Because Bowens failed to plead and prove an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to address the claims raised by Bowens in his PCRA petitions. We, therefore, affirm the PCRA court's order denying post-conviction relief.[3]

Order affirmed.

_____

[3] To the extent Bowens argues that he was prejudiced by procedural irregularities in the PCRA court, he is entitled to no relief. The claims Bowens raised in his April 27, 2015 PCRA petition were reviewed and deemed meritless by his first PCRA counsel, Attorney Rudenstein. Upon remand from this Court, the PCRA court appointed new counsel, Attorney O'Hanlon, who reviewed and deemed meritless the claims Bowens raised in his January 15, 2014 motion for reconsideration, which was properly treated as a PCRA petition. The PCRA court reviewed the record and properly concluded that, not only were Bowens' substantive claims meritless, but both petitions were untimely and, therefore, the court lacked jurisdiction to consider them. *See* PCRA Court Opinion, 1/22/20, at 5. Bowens received proper notice of both the Rule 907 order and the order dismissing his petitions and granting Attorney O'Hanlon's petition to withdraw.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/20